WM. B. RAINS v. JAMES V. HAYS et al.

ADVANCEMENT. What is not. A conveyance of realty to the husband is not an advancement to the wife in the absence of evidence it was so intended; nor is the wife chargeable with money paid by the intestate as the surety of her husband, as an advancement.

FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. W. F. COOPER, Ch.

E. H. EAST and T. W. HALEY for complainant.

DEMOSS & MALONE for defendants.

DEADERICK, C. J., delivered the opinion of the court.

This bill was filed in the chancery court at Nashville by one of the heirs at law and distributees of W. H. Rains, deceased, against the others, and against Matlock, the husband of a deceased daughter of the intestate.

The object of the bill is to require the defendants to account for advancements made to them, and for a settlement of the estate.

In his lifetime the intestate, as charged in the bill and as appears from the evidence, made advancements in unequal amounts to his children, partly in real and partly in personal estate. It is also alleged and appears in proof, that in the lifetime of his daughter, Mrs. Matlock, the intestate conveyed to Matlock, her husband, a tract of seventy-five acres of land, estimated to be worth from $2,000 to $3,000. After this conveyance and before her father's death, Mrs. Matlock died, leaving a son of her marriage with Matlock. This son, Willeford E. Matlock, is made, with his father, a defendant to this suit, and in the distribution it is sought to hold him chargeable with the value of the tract of land conveyed to his father, as an advancement to his mother.

The chancellor ordered an account to be taken of the advancements, but directed that defendant Willeford E. should not be charged with the value of the tract

of land conveyed to his father. He also directed that certain money paid by intestate for Hays as his surety should not be charged to Hays' wife in the account ordered. From this decree complainant has appealed.

The argument here has been entirely addressed to the question of defendant W. E. Matlock's liability to be held to account for the land conveyed to his father.

The chancellor's opinion may be found in 2 Tenn. Ch. R., 668, in which he has examined and cited the authorities, which may be said to be to some extent conflicting. But the weight of them sustains the conclusion of the chancellor.

In our own court it has been held that a gift of slaves to the grandchildren of the donor, although reserving the use to her daughter, it was held neither for their use nor value could the mother be held chargeable as an advancement to her, because the gift of the slaves was not to the mother but to her children, the court saying that "it is true that the daughter takes a benefit under the deed—that is, the use of them—the primary object obviously being to secure the possession and use of the slaves to the daughter as a means of enabling her the better to support, raise and educate the donees": 1 Swan, 487. In the same case, an advancement is defined to be "a gift by a parent to his child by anticipation, in whole or in part, of what it is supposed the child would be entitled to on the death of the parent." But it was held in the case cited that the slaves could not be charged to the daughter of the donee, because no estate in them was given to her which

20—vol. 6.

could be alienated, or to which her husband's marital rights could attach, but was expressly given to her children.

The record does not disclose, upon the part of the intestate, that he intended the conveyance of the land as an advancement to his daughter, or that she agreed to accept it as such. It is simply an absolute and unconditional conveyance to the husband.

Nor do we think that Hays' wife should be charged, as an advancement to her, with the debt due from Hays to the estate of intestate, for money which he was compelled to pay as surety for Hays. This may be a debt against Hays, but certainly is not an advancement to his wife.

The chancellor's decree will be affirmed, and the cause will be remanded to the chancery court for the taking of the account ordered and for further proceedings. The costs of this court will be paid by complainant, and the costs below as may be adjudged by the chancellor.

FREEMAN, J., dissents as to the advancement of the land to Matlock.